1

2

3

4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

* * *

7

JAMES ZAKO,

Case No. 2:16-cv-00166-JCM-PAL

8

Plaintiff,

9

v.

**ORDER**

HAMILTON COMPANY,

10

Defendant.

11

12        Before the Court is the parties' Stipulated Protective Order (ECF No. 58), which the court

13   approved to facilitate the parties' discovery exchanges.  This Order is intended to remind counsel

14   and the parties that there is a presumption of public access to judicial files and records.  A party

15   seeking to file a confidential document under seal must file a motion to seal and must comply with

16   the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th

17   Cir. 2006).

18        Although the Court approved the blanket protective order, the parties have not shown, and

19   this Court has not found, that any specific documents are secret or confidential.  The parties have

20   not provided specific facts supported by affidavits or concrete examples to establish that a

21   protective order is required to protect any specific trade secret or other confidential information

22   under Rule 26(c) of the Federal Rules of Civil Procedure or that disclosure would cause an

23   identifiable and significant harm.  The Ninth Circuit has held that parties seeking to maintain the

24   confidentiality of documents attached to most non-dispositive motions must show good cause

25   exists to overcome the presumption of public access.  *See Kamakana*, 447 F.3d at 1179–80; *but

26   see Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) (standards courts

27   apply to sealing requests turn on the relevance of the documents to the substantive merits of a

28   case—not the relief sought).  Parties seeking to maintain the secrecy of documents attached to

dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Id*. If a sealing order is permitted, it must be narrowly tailored. *Press-Enterprise Co. v. Superior Ct. of Cal., Riverside Cty.*, 464 U.S. 501, 512 (1984). The sealing of entire documents is improper when any confidential information can be redacted while leaving meaningful information available to the public. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011).

Under *Kamakana*, the party who designates documents as confidential must submit a memorandum of points and authorities to the Court presenting articulable facts that identify the interests in favor of the documents' continued secrecy and showing that these specific interests outweigh the public's strong interest in transparency. Here, if an opposing party files a motion to seal certain documents based on the parties' Stipulated Protective Order (ECF No. ), the *designating party* is required to file within 14 days an appropriate memorandum of points and authorities making a particularized showing why the documents should remain under seal or why the designating party should be allowed to file a redacted version. If the designating party fails to timely comply with this Order, the motion to seal will be denied and the Clerk of the Court will be directed to unseal the documents to make them available on the public docket.

In addition to *Kamakana*, the parties are required to follow the proper CM/ECF procedures for any requests to seal judicial records. The Local Rules of Practice provide that the electronic record is the court's official record and require the Clerk of the Court to maintain the official files all cases in electronic form. *See* LR IC 1-1 (amended May 1, 2016). Pursuant to LR IA 10-5, attorneys must file documents under seal using the court's electronic filing procedures:

> Unless otherwise permitted by statute, rule, or prior court order, papers filed with the court under seal must be accompanied by a motion for leave to file those documents under seal. If papers are filed under seal under prior court order, the papers must state on the first page, directly under the case number: "FILED UNDER SEAL UNDER COURT ORDER (ECF No. ___). All papers filed under seal will remain sealed until the court either denies the motion to seal or enters an order unsealing them.

*See* LR IA 10-5(a).

/ / /

1    To streamline the process of sealing or unsealing documents as may be necessary, first, a

2    party must file its underlying brief or motion.  Second, the party files its motion to seal on the

3    *public docket* without the confidential documents and "links" this motion to seal in CM/ECF to

4    the underlying brief.  *See* LR IC 2-2(d).[1]  For example, if a party asks to seal exhibits pertaining

5    to a motion to dismiss, the party would link the motion to seal in CM/ECF to the motion to dismiss

6    it previously filed.  Third, the party files the confidential documents *under seal* in CM/ECF as

7    "Sealed Exhibit(s)" and links the sealed exhibit(s) to its motion to seal.  To submit both a redacted

8    brief on the public docket and unredacted brief under seal, the party will: (1) publically file the

9    redacted brief; (2) publically file the motion to seal, linking it to the redacted brief; and (3) file the

10   unredacted brief under seal as a "Sealed Exhibit," linking this sealed exhibit to its motion to seal.

11       Each document or exhibit that a party seeks to file under seal must be filed as a separate,

12   searchable Portable Document Format (PDF).  LR IC 2-2(a), LR IA 10-3.  When portions of a

13   filing may be sealed, litigants must not combine their motion to seal, memorandum of points and

14   authorities, declaration, and/or exhibits into one PDF document and then file that single PDF as

15   the "main document" in CM/ECF's document upload screen.  LR IC 2-2(a)(3)(A).  This practice

16   makes it impossible for the Clerk of the Court to unseal specific documents the Court finds should

17   not be sealed because the docketing clerks cannot separate the pages for sealing purposes.  *See* LR

18   IA 10-5(b).  Instead, the Local Rules require litigants to save *each* document or exhibit they want

19   sealed as a separate PDF document and then file each PDF in CM/ECF's document upload screen

20   as "attachments" to a main document.  The shortcut of filing only one PDF inevitably causes

21   additional work for the Court, docketing clerks, and litigants.  Should leave to file under seal be

22   granted for some but not all documents, the Court must then order litigants to refile the unsealed

23   documents, rather than simply instructing the docketing clerks to unseal the documents the Court

24   has found should not remain sealed.

25

26   _____

[1] If the motion to seal itself contains confidential information, the moving party may file a *redacted* motion
27   to seal on the public docket and an *unredacted* motion under seal with the sealed exhibits.  However, this
     practice is disfavored as litigants should attempt to meet their burden under *Kamakana* without specific
28   references to confidential information.

1    Additionally, court staff members cannot redact confidential information from documents

2    after filing.  Because the sealing of entire documents is improper when confidential information

3    can be redacted, a party should consider and make the appropriate redactions prior to filing any

4    sealing request.  The party will then file both a redacted and unredacted version of the document.

5    If a party fails to make redactions and requests an overly broad sealing order, and the Court

6    determines that redactions are appropriate, the Court will order the party to file a redacted version

7    on the public docket.

8    The Court's review of any motion requesting leave to file under seal will be complicated

9    by the parties' failure to follow Ninth Circuit case law, the Local Rules of Practice, and the

10   CM/ECF filing instructions explained in this Order.  Counsel are responsible for instructing their

11   staff regarding the correct procedures for filing under seal.  The parties are encouraged to contact

12   the CM/ECF Helpdesk at (702) 464-5555 prior to filing should they have any technical questions.

13   For additional direction, the parties may also refer to the updated procedures in *CM/ECF Version*

14   *4.0 Enhancements and Changes*, which is available on the Court's website.

15   Accordingly,

16   **IT IS ORDERED** that, with respect to filing documents under seal, the parties must

17   comply with: (1) the Local Rules of Practice regarding electronic filing and filing under seal, (2)

18   the Ninth Circuit's opinions in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir.

19   2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016), and (3)

20   the CM/ECF filing instructions stated herein.

21   Dated this 18th day of November, 2016.

23

24   PEGGY A. LEEN
     UNITED STATES MAGISTRATE JUDGE

4