JAMES ZAKO,

             Plaintiff(s),

   v.

HAMILTON COMPANY,

             Defendant(s).

Case No. 2:16-CV-166 JCM (PAL)

ORDER

Presently before the court is defendant Hamilton Company's motion to dismiss. (ECF No. 14). Plaintiff James Zako filed a response (ECF No. 24), to which Hamilton Company replied (ECF Nos. 27, 29).

Also before the court is the parties' stipulation to extent time to file a responsive pleading. (ECF No. 12).

## I.    Facts

Zako brings forth this putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., challenging Hamilton Company's alleged practice of denying employees overtime pay. (ECF No. 1).

### a.   *Zako's allegations*

Hamilton Company designs, manufactures, markets, and sells a wide range of robotic laboratory products. *Id*. Zako worked for Hamilton Company as a field service specialist for approximately 15 years. *Id*. His work responsibilities primarily involved providing onsite installation, maintenance, and repair services for laboratory products that Hamilton Company sold throughout Northern California. *Id*.

James C. Mahan
U.S. District Judge

Zako did not have an office but worked out of his home, receiving instructions by phone or email.  *Id*.  He spent most of his time out in the field, visiting customer sites to install or repair Hamilton products.  *Id*.  Zako also worked on-call shifts, in which he would provide remote trouble-shooting services over the phone to customers throughout the United States.  *Id*.

Zako claims that he and other field service specialists regularly worked more than forty hours a week and did not receive overtime pay, in violation of FLSA.  *Id*.

### b.  Zako's resignation

On May 8, 2015, Zako resigned from his employment.  *Id*.  On that same day, the parties entered into a severance agreement.  (ECF No. 16).  The contract provides that Zako waives all claims against Hamilton Company in exchange for $17,012.00.  *Id*.  The contract also includes conditions prohibiting Zako from taking the following actions: (1) disclosing Hamilton Company's confidential information, (2) disparaging Hamilton Company, (3) contacting or soliciting Hamilton Company's past or current customers or employees, and (4) assisting with the presentation or prosecution of third-party disputes against Hamilton Company.  *Id*.

### c.  Procedural history

On July 8, 2015, Zako initiated this action in the United States District Court for the Northern District of California.  (ECF No. 1).  In his complaint, Zako alleges a single cause of action for violation of FLSA.  *Id*.

On January 28, 2016, the federal court in the Northern District of California transferred this action to the United States District Court for the District of Nevada pursuant to a forum-selection clause in the severance agreement.  (ECF No. 31).

Now, Hamilton Company moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 14).

## II.  Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed

factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

. . .

. . .

## III.  Discussion

Hamilton Company argues that Zako has failed to state a claim for violation of FLSA because Zako signed a severance agreement that released all claims against Hamilton Company. (ECF No. 14).  The court agrees.

When a severance agreement is clear and unambiguous, contract construction is a question of law and suitable for determination by a motion to dismiss.  *See DesAutel v. Tetra Tech EC, Inc.*, 549 Fed. Appx. 668, 669 (9th Cir. 2013) (unpublished).  Nevada's longstanding policy is to interpret and enforce contracts based on their written language, reading words in their usual and ordinary meaning.  *Ringle v. Bruton*, 86 P.3d 1032, 1039 (Nev. 2004); *see also Galardi v. Naples Polaris, LLC*, 301 P.3d 364, 366 (Nev. 2013).[1]

Here, Zako voluntarily entered into a severance agreement with Hamilton Company, which included a release of liability and waiver of claims.  (ECF No. 16).  The pertinent provision of the contract reads:

> . . . Zako on behalf of himself, his descendants, dependents, heirs, executors, administrators, assigns, and successors, and each of them, hereby covenants not to sue and fully releases and discharges Hamilton and shareholders, officers, directors, employees, agents, representatives, assigns and successors, past and present and each of them . . . with respect to and from any and all claims demands, rights, liens, agreements, contracts, covenants, actions, suits, causes of action, obligations, debts, costs, expenses, attorneys' fees, damages, judgments, orders, and liabilities . . . arising  out of or in any way connected with his employment relationship with Hamilton . . .

 (ECF No. 16).  This provision clearly and unambiguously releases Hamilton Company from liability for all claims related to Zako's employment.

The severance agreement further provides that "Zako agrees that he will not counsel or assist any attorneys or their clients in the presentation or prosecution of any disputes, differences, grievances, claims, charges, or complaints by any third party against Hamilton . . ." *Id.*  Thus, the contract also prohibits Zako from assisting with any third-party claims against Hamilton Company, including collective actions.

---

[1] The court applies Nevada state law in light of the severance agreement's choice of law provision. *See* (ECF NO. 16); *see also Sievers v. Diversified Mtg. Investors*, 603 P.2d 270, 273 (Nev. 1979) ("it is well settled that the expressed intention of the parties as to the applicable law in construction of a contract is controlling if the parties acted in good faith and not to evade the law of the real situs of the contract.")

Zako contends that the severance agreement is unenforceable because his rights under FLSA to bring a collective action are non-waivable. (ECF No. 24).

Generally, an individual employee's rights under the FLSA "cannot be abridged by contract or otherwise waived." *Barrentine v. Arkansas–Best Freight Sys., Inc.*, 450 U.S. 728, 740, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981); *Parth v. Pomona Valley Hosp. Medical Ctr.*, 630 F.3d 794, 802 n.2 (9th Cir. 2010). However, because this restriction applies only to substantive rights, contract provisions that waive procedural rights under the FLSA are enforceable. *Lu v. AT&T Servs. Inc.*, No. C 10-05954 SBA, 2011 WL 2470268 at *3 (N.D. Cal. June 21, 2011).

The right to proceed on a collective basis under the FLSA implicates an employee's procedural rights. *See Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 298 (5th Cir. 2004) (rejecting "Appellants' claim that their inability to proceed collectively deprives them of substantive rights available under the FLSA."). Thus, an employee can waive by contract the right to bring a collective action. *See Kelly v. City & County of San Francisco*, No. C 05–1287 SI, 2008 WL 2662017, at *4 (N.D. Cal. June 30, 2008).

Accordingly, the court rejects Zako's argument that his right to bring a collective action is non-waivable. Thus, because the severance agreement includes waiver of claims and non-assistance provisions, the court will dismiss with prejudice Zako's collective claim for violation of FLSA.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Hamilton Company's motion to dismiss (ECF No. 14) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the parties' stipulation to extend time (ECF No. 12) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that Zako's complaint (ECF No. 1) be, and the same hereby is, DISMISSED with prejudice.

. . .

. . .

James C. Mahan
U.S. District Judge

- 5 -

The clerk shall enter judgment accordingly and close the case.

DATED January 23, 2019.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge