UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES ZAKO, | Case No. 2:16-CV-166 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| HAMILTON COMPANY, | |
| Defendant(s). | |

Presently before the court is plaintiff James Zako and defendant Hamilton Company's (collectively "parties") joint motion for approval of settlement agreement. (ECF No. 72).

Also before the court is the parties' joint motion for leave to file settlement agreement under seal. (ECF No. 74).

**I.     Background**

Zako brought this putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., to challenge Hamilton Company's alleged practice of denying employees overtime pay. (ECF No. 1).

   *a.  Zako's employment with Hamilton Company*

Hamilton Company designs, manufactures, markets, and sells a wide range of robotic laboratory products. *Id*. Zako worked for Hamilton Company as a field service specialist for approximately 15 years. *Id*. His work responsibilities primarily involved providing onsite installation, maintenance, and repair services for laboratory products that Hamilton Company sold throughout Northern California. *Id*.

Zako did not have an office but worked out of his home, receiving instructions by phone or email. *Id*. He spent most of his time out in the field, visiting customer sites to install or repair

Hamilton products. *Id*. Zako also worked on-call shifts, in which he would provide remote trouble-shooting services over the phone to customers throughout the United States. *Id*.

Zako claimed that he and other field service specialists regularly worked more than forty hours a week and did not receive overtime pay, in violation of the FLSA. *Id*.

b. *Zako's resignation*

On May 8, 2015, Zako resigned from his employment. *Id*. On that same day, the parties entered into a severance agreement. (ECF No. 16). The contract provides that Zako waives all claims against Hamilton Company in exchange for $17,012.00. *Id*. The contract also includes conditions prohibiting Zako from taking the following actions: (1) disclosing Hamilton Company's confidential information, (2) disparaging Hamilton Company, (3) contacting or soliciting Hamilton Company's past or current customers or employees, and (4) assisting with the presentation or prosecution of third-party disputes against Hamilton Company. *Id*.

c. *Procedural history*

On July 8, 2015, Zako initiated this action in the United States District Court for the Northern District of California. (ECF No. 1). In his complaint, Zako alleged a single cause of action for violation of the FLSA. *Id*.

On January 28, 2016, the federal court in the Northern District of California transferred this action to the United States District Court for the District of Nevada pursuant to a forum-selection clause in the severance agreement. (ECF No. 31).

On September 8, 2015, Hamilton Company moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 14). The court granted Hamilton Company's motion to dismiss on January 23, 2019. (ECF No. 64). On February 20, 2019, Zako filed a notice of appeal. (ECF No. 66).

The parties participated in the Ninth Circuit's mediation program and reached a settlement agreement, which requires this court's approval. (ECF No. 72). To that end, the Ninth Circuit granted the parties' motion to dismiss the appeal without prejudice, to reinstatement should this court deny the joint motion for approval of settlement agreement. (ECF No. 69).

James C. Mahan
U.S. District Judge

Now, the parties jointly request that the court (1) approve the settlement agreement and dismiss this case with prejudice, and (2) grant leave to file the settlement agreement under seal. (ECF Nos. 72, 74).

**II.     Discussion**

As a threshold issue, the court will first address the parties' joint motion for leave to file settlement agreement under seal (ECF No. 74) before then turning to the joint motion for approval of settlement agreement (ECF No. 72).

  a. *Joint motion to seal*

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). A party seeking to seal a judicial record must comply with the Ninth Circuit's directives set forth in *Kamakana v. City and County of Honolulu*:

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. ... A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure ....
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

447 F.3d 1172, 1178–79 (9th Cir. 2006) (citations omitted). If the court decides to seal judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179.

When a motion to seal is filed in connection with a motion to approve settlement of FLSA claims, most district courts have applied a presumption of public access. *See, e.g.*, *Joo v. Kitchen Table, Inc.*, 763 F.Supp.2d 643, 646–48 (S.D.N.Y. 2011) (joining "the overwhelming consensus of district courts that have considered the issue to hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access").

**James C. Mahan**
**U.S. District Judge**

- 3 -

Here, the parties contend that the settlement agreement should remain under seal because it contains a confidentiality provision preventing the parties from filing the agreement in the public record. (ECF No. 74). The parties provide no additional argument in support of sealing the settlement agreement.

The existence of a confidentiality provision, without more, is not alone a compelling reason to seal. *See e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136–38 (9th Cir. 2003). Further, a litigant is not entitled to the court's protection from disclosures resulting in additional liability and litigation. *Id.* at 1137. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

Because the parties have provided no argument—aside from the inclusion of a confidentiality provision in the settlement agreement—to support the joint motion to seal, the court finds that the parties' have not presented compelling reasons to seal the settlement agreement. Accordingly, the court will deny the parties' joint motion for leave to file settlement agreement under seal. (ECF No. 74).

   b. *Joint motion for approval of settlement*

The FLSA "establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013). The FLSA grants individual employees broad access to the courts and permits an action to recover minimum wages, overtime compensation, liquidated damages, or injunctive relief. *Barrentine v. Arkansas–Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981).

Under § 216(b), an employee may initiate an action on behalf of himself or herself and other "similarly situated" employees. 29 U.S.C. § 216(b). "A suit brought on behalf of other employees is known as a 'collective action.'" *Genesis Healthcare Corp.*, 569 U.S. at 69.

Collective actions, however, differ from class actions under Federal Rule of Civil Procedure 23. *See id.* at 1529 ("Rule 23 actions are fundamentally different from collective actions

under the FLSA.").[1] As such, the requirements of Rule 23 are generally inapplicable to collective actions under § 216(b). *See McElmurry v. U.S. Bank, N.A.*, 495 F.3d 1136, 1139 (9th Cir. 2007).

As to settlements, "FLSA claims may not be settled without approval of either the Secretary of Labor or a district court." *Seminiano v. Xyris Enter., Inc.*, 602 F. App'x 682, 683 (9th Cir. 2015) (citing *Nall v. Mal–Motels, Inc.*, 723 F.3d 1304, 1306 (11th Cir. 2013). "The Supreme Court recognized that an employee's right to fair payment cannot be diminished by contract or waived because that would nullify the purpose of the FLSA and thwart the legislative policies it was designed to effectuate." *Gonzalez-Rodriguez v. Mariana's Enters., et al.*, No. 2:15-cv-00152-JCM-PAL, 2016 WL 3869870, at *2 (D. Nev. July 14, 2016) (citing *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981)); *see also Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 (1945) ("No one can doubt but that to allow waiver of statutory wages by agreement would nullify the purposes of the Act."). This extends to settlement agreements. *Id.* (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1236–37, n.8 (M.D. Fla. 2010) (collecting cases)). Accordingly, any settlement of an FLSA collective action requires the supervision of either the secretary of labor or the district court. *Id.* (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)).

The standard for approval of an FLSA settlement is lower than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement. *See, e.g.*, *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1136 (D. Nev. 1999) ("The § 216(b) requirement that plaintiffs consent to the suit serves essentially the same due process concerns that certification serves in a Rule 23 action."). Thus, the approval of settlements of FLSA claims is a separate, but related, analysis from the approval of settlements of class action claims.

---

[1] Unlike class actions under Rule 23 where a potential plaintiff must opt out to be excluded from the class, collective actions under the FLSA require individual employees to "opt-in" by filling a written consent with the court to become a member of the class and be bound by any judgment entered in the action. *Compare* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff in any such action unless he gives his consent in writing to become such a party and such consent is filed in . . . court[.]"), *with* Fed. R. Civ. P. 23(c)(2)(B)(v) ("the court will exclude from the class any member who requests exclusion"); *see also Small v. Univ. Med. Ctr. of S. Nev.*, No. 2:13-cv-00298-APG, 2013 WL 3043454, at *1 (D. Nev. June 14, 2013). Further, collective actions merely require employees to be "similarly situated." *See* 29 U.S.C. § 216(b).

James C. Mahan
U.S. District Judge

The FLSA does not expressly set forth criteria for courts to consider in determining whether an FLSA settlement should be approved and the Ninth Circuit has not established any particular criteria. In response, district courts within this circuit have looked to the Eleventh Circuit's opinion in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). *See, e.g.*, *Acuna v. So. Nev. T.B.A. Supply Co.*, 324 F.R.D. 367 (D. Nev. 2018); *McKeen–Chaplin v. Franklin Am. Mortg. Co.*, No. 10-cv-5243 SBA, 2012 WL 6629608, at *2 (N.D. Cal. Dec. 19, 2012); *Trinh v. JPMorgan Chase & Co.*, No. 07-cv-01666, 2009 WL 532556, at *1 (S.D. Cal. Mar. 3, 2009); *Goudie v. Cable Commc'ns, Inc.*, No. 08-cv-507-AC, 2009 WL 88336, at *1 (D. Or. Jan. 12, 2009); *Hand v. Dionex Corp.*, No. 06-cv-1318-PHX-JAT, 2007 WL 3383601, at *1 (D. Ariz. Nov.13, 2007).

Under *Lynn's Food*, settlement of FLSA claims may be allowed by "a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *see also Nall*, 723 F.3d at 1307 (reaffirming holding of *Lynn's Food* as to a district court's approval of stipulated judgment to settle FLSA claims). "In those lawsuits, the parties may 'present to the district court a proposed settlement' and 'the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.'" *Nall*, 723 F.3d at 1306 (quoting *Lynn's Food*, 679 F.2d at 1353); *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946).

To determine the fairness of a settlement under the FLSA, "the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354. In evaluating the fairness and reasonableness of a FLSA settlement, the majority of Rule 23's fairness factors are instructive and relevant. *See, e.g.*, *Lewis v. Vision Value, LLC*, No. 1:11-cv-01055-LJO, 2012 WL 2930867, at *2 (E.D. Cal. July 18, 2012); *Almodova v. City & Cnty. of Honolulu*, Civ. No. 07-00378 DAE-LEK, 2010 WL 1372298 (D. Haw. Mar. 31), *report & recommendation adopted*, 2010 WL 1644971 (D. Haw. Apr. 20, 2010).

Rule 23's fairness factors include: the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement. *Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1375 (9th Cir. 1993) (quoting *Officers for Justice v. Civil Serv. Comm'n of City & Cnty of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)).

The proposed settlement provides for, among other things, a monetary settlement, the release of all claims that Zako had against Hamilton Company for overtime wages under the FLSA, and dismissal of this action with prejudice upon the court's approval of the settlement agreement. (ECF No. 74-1). The settlement agreement also includes a confidentiality provision that bars the parties from disclosing the terms of the agreement. *Id*. The parties contend that the settlement is fair and reasonable for Zako "in light of the claims alleged, the procedural posture of the case and Appeal, and the desire for the parties to avoid ongoing and future litigation expenses." (ECF No. 72).

The court finds that the terms of the settlement reflect a fair and reasonable compromise over issues actually in dispute. The court bases this conclusion on: (1) the claims alleged by Zako, which remain in dispute given the uncertainty of the outcome of Zako's appeal; (2) the advanced stage of the proceedings in this case; and (3) the parties' expressed intention to avoid future litigation expenses. (*See* ECF No. 72). In determining that the settlement is fair and reasonable, the court also considered the strength of Zako's case as well as the risk, expense, complexity, and likely duration of further litigation. *See, e.g.*, *Torrisi v. Tucson Electric Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993).

Further, the court finds that the settlement agreement is "not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Cf. Officers for Justices*, 688 F.2d at 625 (providing a non-exhaustive list of factors a district court should consider when a class action settlement agreement is submitted for approval).

However, the court finds that the confidentiality provision of the settlement agreement is unenforceable. To further the congressional intent of "private—public" rights under the FLSA, numerous courts have concluded that confidentiality provisions in FLSA settlement agreements operate in contravention of the FLSA. *See e.g.*, *Dees*, 706 F. Supp. 2d at 1242 ("A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights."); *Briggins v. Elwood TRI, Inc.*, 3 F. Supp. 3d 1277, 1289–90 (N.D. Ala. 2014) (relying on the rationale set forth in *Dees*). "By including a confidentiality provision, the employer thwarts the informational objective of the notice requirement by silencing the employee who has vindicated a disputed FLSA right." *Dees*, 706 F. Supp. 2d at 1242. The court therefore declines to approve the confidentiality provision contained in the settlement agreement, as it runs contrary to the broad remedial purposes of the FLSA.

Accordingly, the court approves the settlement agreement in its entirety, with the exception of the confidentiality provision, which is unenforceable under the FLSA.

**III.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the parties' joint motion for approval of settlement agreement (ECF No. 72) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that the parties' joint motion for leave to file settlement agreement under seal (ECF No. 74) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice. The court retains jurisdiction to enforce the terms of the settlement agreement.

DATED January 23, 2020.

_____
UNITED STATES DISTRICT JUDGE